

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 30, 2009**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOANNA ELIZABETH REED, | § | CASE NO. 08-20229-RLJ-7 |
| | § | |
| DEBTOR | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

West Texas Truck Center, Inc. (West Texas) filed its motion requesting that the Court, in accordance with section 523(a)(3)(A) of the Bankruptcy Code, deny the discharge of its claim against the debtor, Joanna Reed (Reed).

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

The parties have no dispute concerning the relevant facts and agree that section 523(a)(3)(A) resolves the issue.

## Background

West Texas holds a claim against Reed in the amount of $5,197.52.[1]  Reed filed this chapter 7 bankruptcy case on April 30, 2008, but failed to include West Texas in her bankruptcy schedules or to otherwise timely provide West Texas with notice of her bankruptcy filing.  West Texas was not advised of the bankruptcy filing until after it filed a lawsuit in state court against Jack C. Reed and Joanna Reed d/b/a J & J Field Services.  There is no evidence that Reed intentionally excluded West Texas from her schedules and there is no evidence that West Texas had actual knowledge of the bankruptcy filing in time to file a proof of claim before the bar date. The chapter 7 trustee has not made a distribution in the case, though notice was provided in the case on July 25, 2008, stating that while a prior notice had stated that there were no assets with which to make distributions, assets had been recovered and thus it then appeared that payment to creditors may be possible.  The notice further provided a deadline for the filing of a proof of claim of October 22, 2008.  It was after this date that West Texas initiated the lawsuit and was provided with notice of the bankruptcy filing.

## Positions of the Parties

West Texas submits that the Court should follow *In re Schlueter*, 391 B.R. 112 (B.A.P. 10th Cir. 2008) and declare its claim nondischargeable.  The court in *Schlueter* rejected the "distribution approach" which provides that if a party can participate in the actual distribution by the case trustee because such party had the opportunity to file a claim prior to distribution (but

---

[1]West Texas asserts its claim against Jack C. Reed and Joanna *Smith* and doing business as J & J Field Service. The Court assumes that J & J Field Service is a sole proprietorship operated by Jack Reed and Joanna Reed.  No explanation was provided to the Court concerning the discrepancy in the debtor's name. Joanna Reed did not dispute that West Texas's claim is a valid claim against her.

- 2 -

after the bar date), the bar date is irrelevant and the claim may be discharged in the bankruptcy case.  The *Schlueter* court took what it considered to be a literal application of section 523(a)(3)(A) and held that a debt to a creditor is not discharged if there is a claims bar date and such creditor does not receive or have actual notice of the bankruptcy in time to file its proof of claim by the claims bar date, even if the creditor could have participated in the distribution because the distribution of assets had not yet occurred.  *Id*.

Reed argues that the Court should, contrary to *Schlueter*, adopt the distribution approach and allow the discharge of West Texas's claim.  If West Texas can still file a claim and thus share pro rata with other creditors in the case, the prejudicial effect of Reed's failure to provide timely notice to West Texas will be alleviated.  The Court agrees with Reed as Reed's position squares with the standard applied by the Fifth Circuit.

## Discussion

Section 523(a)(3)(A) provides that an unscheduled debt is not discharged if the creditor did not have notice or actual knowledge of the bankruptcy in time to "timely" file a proof of claim in the case.  11 U.S.C. § 523(a)(3)(A).  The determination of dischargeability under section 523(a)(3)(A) may be brought at any time.  FED. R. BANKR. P. 4007(b).  The question of the timeliness of the filing of a proof of claim was addressed by the Fifth Circuit in *Stone v. Caplan (Matter of Stone)*, 10 F.3d 285 (5th Cir. 1994).

*Matter of Stone* concerns a no-asset case in which the debtors inadvertently failed to schedule a creditor.  *Id*. at 287.  The unlisted creditor discovered the bankruptcy filing and filed a nondischargeability complaint.  *Id*. at 288.  The debtors amended their schedules to include the creditor.  *Id*.  In a trial to determine the nondischargeability of the creditor's debt, the bankruptcy

court held the debt was not dischargeable under section 523(a)(3)(A). *Id*. The district court affirmed. *Id*. The Fifth Circuit reversed, holding that section 523(a)(3)(A) should be construed by using the three factors it had outlined in its prior opinion of *Robinson v. Mann*, 339 F.2d 547 (5th Cir. 1964): "1) the reasons the debtor failed to list the creditor, 2) the amount of disruption which would likely occur, and 3) any prejudice suffered by the listed creditors and the unlisted creditor in question." *Id*. at 290. The court, in *Stone*, held that the statute is ambiguous when it refers to the "timely" filing of a proof of claim. *Id*. at 289. The ambiguity arises from the interplay of the statute and rules that address the filing of dischargeability complaints (under Rule 4007(c) such complaints must be filed within sixty days after the creditors' meeting) and proofs of claim (under Rule 3002(c) proofs of claim must be filed within ninety days after the creditors' meeting). *Id*. In addition, further confusion arises in a no-asset case where creditors are not required to file proofs of claim. *Id*. at 290. The court, therefore, looked to the legislative history of section 523(a) which, in turn, led it back to the use of the *Robinson* factors as a way to implement the equitable principles that underlie the Bankruptcy Code and, specifically, section 523(a)(3)(A). *Id*.

With respect to the first factor, the Fifth Circuit noted that if the debtor's failure to list the creditor is attributable solely to negligence or inadvertence, equity points toward discharge of the debt. *Id*. at 291. In the present case, as stated above, there is no evidence that Reed purposely avoided listing West Texas; Reed's failure to schedule West Texas's debt was not "due to intentional design, fraud, or improper motive." *Id*. As for the second factor, disruption to the court, the court finds no significant disruption apart from some minimal delay in the administration and closing of the case. In this regard, the Court notes that the trustee has not

made a distribution; thus it is not clear that Reed's failure to list West Texas has, in fact, caused any delay. The third factor, prejudice to creditors is the most critical factor. *Id*. The Fifth Circuit stated that "creditors are prejudiced only if their rights to receive their share of dividends and obtain dischargeability determinations are compromised." *Id*. There is no contention made here that the debt held by West Texas is nondischargeable under any other provision of the Bankruptcy Code. In addition, it is clear that, under the Code, West Texas will receive a pro rata share of any dividend to unsecured creditors if it chooses to file a proof of claim. *See* § 726(a)(2)(C).[2] In this regard, the Court notes that the case of *In re Ricks*, 253 B.R. 734 (Bankr. M.D. La. 2000), a bankruptcy court opinion out of the Fifth Circuit, looked to section 726(a)(2)(C) as a basis for concluding that a creditor's claim is, in effect, "timely" filed in accordance with section 523(a)(2)(A) of the Bankruptcy Code. This is essentially the distribution approach that was rejected by *In re Schlueter*.

### Conclusion

This Court must obviously follow the rulings of the Fifth Circuit. It is this Court's opinion that *Matter of Stone* basically requires that unless the debtor has intentionally failed to provide appropriate notice to a creditor in time for such creditor to file a proof of claim by the proof of claim deadline date, such claim will still be discharged if notice is provided in sufficient time to allow the creditor to file a claim and to receive a pro rata distribution of the dividend made to other similarly situated creditors. It is, therefore,

ORDERED that the relief requested by West Texas Truck Center, Inc.'s motion is denied.

---

[2]Section 726(a)(2)(C) provides that a "tardily filed" claim shares with other unsecured creditors if the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of claim but such proof claim is filed in time to permit payment of such claim.

### End of Memorandum Opinion and Order ###